UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ATTARD
on behalf of SHANIA CHOCHREN[1]
    Plaintiff,
v.                                  CASE NO. 8:24-cv-1740-JLB-TGW

SHERIFF DEPARTMENT
and PROSECUTOR,
    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint alleging that the defendants are unlawfully jailing third-party Shania Chochren.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

---

[1] The spelling of the third party's name is unclear in the caption of the complaint.

The plaintiff's claim should be dismissed because he has not stated a cognizable complaint. As indicated, the plaintiff brings this action on behalf of another individual and seeks a court order compelling the defendants to release a third-party from jail (Doc. 1). The deficiencies of this one-page complaint exceed its length. Most obviously, the plaintiff lacks standing.

"Generally, a plaintiff may not sue on behalf of a third party." Withers v. Bradshaw, No. 20-13845-D, 2021 WL 1525484 at *1 (11th Cir. Mar. 3, 2021) (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)). Thus, "the right to proceed pro se does not extend to the representation of the interests of others." Id. (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)).[2]

As the Eleventh Circuit discussed in Withers:

> Article III of the U.S. Constitution limits the jurisdiction of federal courts to cases and controversies and requires that the parties have standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559–60, 112 S. Ct. 2130, 2135–36 (1992). Article III standing requires (1) an injury in fact, (2) causation, and (3) redressability. Id. at 560–61, 112 S. Ct. at 2136. An injury in fact is "an invasion of a legally protected interest which is (a) concrete

---

[2] Federal Rule of Civil Procedure 17 has exceptions for certain individuals, such as an executor, administrator, guardian, to sue in their own names without joining the person for whose benefit the action is brought. Fed. R.Civ 17(a)(1)(A)–(G). However, this case does not present that circumstance.

and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. at 560, 112 S. Ct. at 2136 (quotations marks and citations omitted). To be "particularized," the injury "must affect the plaintiff in a personal and individual way." Id. at 560 n.1, 112 S. Ct. at 2136 n.1.

Here, the plaintiff does not allege, and he certainly does not show, that he personally suffered an injury in fact resulting from the defendants' alleged conduct. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Rather, the plaintiff asserts a claim that a third-party suffered harm and seeks relief on her behalf (Doc. 1). Thus, the plaintiff lacks standing.

Furthermore, due to this deficiency, an opportunity to amend the complaint would be futile. Accordingly, I recommend that the complaint be dismissed with prejudice and the case closed. See Withers v. Bradshaw, supra, 2021 WL 1525484 (denying the plaintiff's appeal of the district court's dismissal of a complaint for lack of standing); Foman v. Davis, 371 U.S. 178, 182 (1962) (identifying "futility" as a basis for denying leave to amend).

Respectfully submitted,

/s/ Thomas G. Wilson
_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: October 3, 2024.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.